## Felouzis Exceptions

*Edwin L. Kohler* and *Snyder, Wert & Wilcox*, for exceptant.

*Randall L. Snyder* and *Orrin E. Boyle*, for Lehigh County Tax Claim Bureau.

HENNINGER, P. J., January 3, 1950.—Nick Felouzis is the owner of vacant lots nos. 2348-52 Allen Street, Allentown, Pa. The deed to him in 1945 and all of the tax bills show his address as 601½ Hamilton Street, Allentown, Pa., and while he did not actually reside there or have a place of business there, mail so addressed was forwarded to him by his successor in business, who in turn had moved to another street address, but in the same building and served by the same mail carrier.

Inadvertently, the tax claim on the records of the Lehigh County Tax Claim Bureau contained his address as 604½ Hamilton Street, served by a different mail carrier, who returned such mail to the sender marked "no such address".

The bureau mailed to Mr. Felouzis at 604½ Hamilton Street a notice of the claim and of his right to object thereto up to December 31, 1948, and of his right to redeem up to July 1, 1949. This notice was returned undelivered whereupon notice was posted upon the premises. The same procedure followed when the property was advertised for sale at the upset price.

On August 22, 1949, the bureau made return that it had sold Felouzis' premises on July 18, 1949, at the upset price of $202.12 to George A. Edelman, citing therein that notice had been given according to law. On September 6, 1949, Felouzis excepted to the sale of his property, averring that he had been visiting in Greece from July 1948 to August 1949 and that he had had no notice or knowledge of the claim or of the sale.

We are confronted in this case with two contradictory objectives of the law, the one the protection of an individual in the enjoyment of his property and the other the protection of the State in the collection of its taxes and the quieting of tax titles.

The Real Estate Tax Sale Law of July 7, 1947, P. L. 1368, 72 PS §5860.101 provides in part (72 PS §5860.308) :

"(*a*) Not later than the thirtieth day of June of each year, the bureau shall give notice of the return of said taxes and the entry of such claim to each delinquent taxable, by United States registered mail, return receipt requested, postage prepaid, addressed to the owner at his last known post office address. If no post office address of the owner is known, or if a notice mailed to an owner at such last known post office address is not delivered to him by the postal authorities, then notice, as herein provided, shall immediately be posted on the property affected."

"(*c*) Notice given in the manner provided by this section shall constitute proper service on the owner. A statement in the claim entered that due notice of the same was given shall be conclusive evidence that notice was given as required by law."

Section 602 of the same act (72 PS §5860.602) relating to notice of sale of the property provides in part:

"In addition to such publications, notice of the sale shall also be given by the bureau, by United States registered mail, return receipt requested, postage prepaid, to each owner at least ten (10) days before the date of sale, addressed to his last known post office address, or if no post office address is known, or if the notice addressed to the owner is not delivered to the owner by the postal authorities, such notice shall be posted on the property.

.    .    .    .    .    .    .    .

"No sale shall be defeated and no title to property sold shall be invalidated because of proof that mail notice as herein required was not received by the owner."

The notice to exceptant was not to his last known post office address. Since the words "post office address" are used, the municipality is not relieved from sending the notice to that address, although its agents may have personal knowledge that the owner no longer

resides there, so long as no later post office address is known. So far as the entry of the claim is concerned this defect was probably cured by section 308 (c) above quoted.

It is true that posting of sale is permissible only after mailing to the last known post office address, if such is known. There is a distinction between the language of section 308 and that of section 602 which may be significant or which may merely represent a legislative lapse. In section 308 posting is permissible only upon failure of notice mailed to the last known address; in section 602 it is permissible "if the notice addressed to the owner" is not delivered.

In this proceeding we are not concerned with the validity of the claim, which is not being attacked by exceptant and therefore the conclusiveness of notice of entry of the claim is not involved. The only question is the propriety of the notice of the sale.

Nor need we decide the effect upon a purchaser's title of mailing of the notice of sale to the wrong address prior to the posting upon the property. In this case no deed has been delivered, the erroneous mailing is admitted and exceptant has shown good cause for his failure to take prior action. The purchaser has nothing to lose but an anticipated profit, while exceptant has his whole property to lose.

While the parties are still in statu quo it would be unconscionable not to give exceptant an opportunity to regain—we refrain from use of the technical word, redeem—his property. We cannot overlook the fact that if exceptant had paid the taxes assessed against his property, this question would not have arisen and therefore we grant him relief only upon the payment of all claims and costs.

Now, January 3, 1950, exceptant's exceptions to the sale of his premises 2348-52 Allen Street, Allentown, Pa., are sustained and sale set aside upon condition

that exceptant pay to Lehigh County Tax Claim Bureau the sum of $202.12 as well as the cost of proceedings upon exceptions within 20 days from service of this order upon his counsel.